TWIN-CITIES BROADCASTING CORPORATION, WJBC-WBNQ Radio, Plaintiff-Appellant, v. CHARLES REYNARD, McLean County State's Attorney, *et al.*, Defendants-Appellees (The Board of Regents of the University Regency System, Intervenor-Appellee).

Fourth District    No. 4—95—0688

Argued October 24, 1995.—Opinion filed January 19, 1996.—Rehearing denied March 12, 1996.

Donald M. Craven (argued), of Craven & Thornton, P.C., of Springfield, for appellant.

R. Brian Hug, Assistant State's Attorney (argued), of Bloomington, for appellees Charles Reynard and Gary Riss.

Carol Hansen Posegate and Gregory K. Harris (argued), both of Giffin, Winning, Cohen & Bodewes, P.C., of Springfield, and Renee Y. Smith, of Illinois State University, of Normal, for other appellee.

PRESIDING JUSTICE COOK delivered the opinion of the court:
The Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 1994)) encourages a free flow and disclosure of information between government and the people. The FOIA, nevertheless, specifically exempts from government disclosure numerous categories of information and documents. (5 ILCS 140/7 (West 1994).) The question raised by this appeal is whether a government entity in possession of information and documents may consent to disclosure when another government entity having a substantial interest in the determination wishes to assert an exemption.

On March 22, 1995, a meeting of the Illinois State University Athletic Council (Council) was held to discuss the elimination of

certain athletic programs operated by Illinois State University (ISU). The meeting was not open to the public. The McLean County State's Attorney began an investigation and advised the board of regents (Board) which governs ISU that in the State's Attorney's opinion the Open Meetings Act (Act) (5 ILCS 120/1 through 6 (West 1994)) applied to meetings of the Council, and threatened criminal prosecution against ISU officials for violating the Act. In the course of the investigation, ISU delivered copies of the minutes and a transcript of the March 22 meeting to the State's Attorney. The record is unclear what compulsion, if any, prompted ISU to turn over those documents, but the parties at oral argument agreed they were not subpoenaed.

On June 15, 1995, the Board filed a complaint for declaratory judgment against the State's Attorney (Board of Regents v. Reynard (McLean Co. Cir. Ct.), No. 95—MR—89), seeking a declaration that the Act did not apply to the Council. The State's Attorney, in turn, filed a counterclaim for declaratory judgment, contending the Act did apply and requesting that further violations be enjoined. When the Peoria Journal Star served a request on the State's Attorney, under the FOIA, seeking copies of the minutes and transcript of the March 22 meeting, the Board filed, on July 20, 1995, a motion for preliminary injunction in cause No. 95—MR—89, seeking to prohibit the State's Attorney from releasing the minutes and transcript.

On August 4, 1995, plaintiff served an FOIA request on the State's Attorney for those same documents. The State's Attorney denied that request, on the basis that litigation was pending in cause No. 95—MR—89. Plaintiff appealed to the chairman of the McLean County Board (County Board), who also denied the request. Plaintiff then filed a verified petition for injunctive relief in this case, No. 95—CH—44, naming the State's Attorney and the chairman of the County Board, and seeking relief under the FOIA. The State's Attorney filed an answer which admitted all allegations of the complaint, but made a perfunctory request that relief be denied. Plaintiff then filed a motion for judgment on the pleadings which the State's Attorney did not oppose. When the motion came on for hearing, it was transferred to the docket of Judge Dozier, who consolidated it for hearing with No. 95—MR—89.

The trial court expressed concern that any protection from disclosure which the Board might enjoy under the FOIA would be lost if the State's Attorney were allowed to voluntarily turn over Board documents in its possession. The court made the further finding that there was a reasonable probability that the Board would prevail on its complaint for declaratory judgment (No. 95—MR—89) to establish that the Council was not a public body subject to the Act,

rendering records of its meetings nondiscoverable under the FOIA. Based on that finding, the court denied plaintiff's motion for judgment on the pleadings in No. 95—CH—44, and enjoined the State's Attorney from releasing the documents in No. 95—MR—89.

The trial court then "severed" the two cases, and plaintiff appeals cause No. 95—CH—44 under Supreme Court Rule 307(a)(1) (155 Ill. 2d R. 307(a)(1)), which permits appeals from interlocutory orders refusing an injunction. Plaintiff argues the trial court erred in refusing to grant its motion for judgment on the pleadings because the State's Attorney's answer admitted each element of plaintiff's claim for injunctive relief.

After filing the notice of appeal, plaintiff requested and received a prehearing conference from this court under Supreme Court Rule 310 (134 Ill. 2d R. 310). The purpose of the conference was to expedite the appeal as the State's Attorney represented to the court that it agreed with the plaintiff's legal position and intended to confess error. Although a short briefing schedule was set, the Board filed a petition to intervene and to supplement the record with the trial proceedings from the Board of Regents v. Reynard case (No. 95—MR—89). Over objection, this court granted the Board permission to intervene on appeal to protect whatever interest it had. The motion to supplement the record was taken with the case, and we now grant that motion taking judicial notice of the record which was before the trial court in the related litigation.

On appeal, plaintiff relies upon the traditional argument that under the FOIA, the burden of proof is on the defendant to establish that the material in question is exempt from disclosure. (*Baudin v. City of Crystal Lake* (1989), 192 Ill. App. 3d 530, 535, 548 N.E.2d 1110, 1113.) In this case, in response to the FOIA request, the State's Attorney admitted possession of the documents and made no claim that any statutory exemption to disclosure pertained to them. Based on these admissions, plaintiff contends the documents must be released. The State's Attorney agrees, arguing that the Board has no authority to control the actions of the State's Attorney, and the State's Attorney is free to release documents in its possession if it chooses. The Board, in turn, contends that it has an interest in keeping the documents confidential, even though the State's Attorney does not share that interest, and argues strenuously that the documents are not subject to disclosure under the FOIA because the Council is not a public body subject to the Act.

We have not discovered, and no party has cited to us, any precedent under Illinois law addressing the authority of an agency to disclose third-party documents in its possession which might arguably

be subject to an exemption under the Illinois FOIA. We note, however, that the issue has frequently arisen in Federal courts under the Federal FOIA (5 U.S.C. § 552 (1994)) in what has come to be known as a "[r]everse-FOIA action." In such a case, typically, a submitter of information—usually a corporation or other business entity required to report various data on its policies, operations, or products—seeks to prevent the agency that collected the information from revealing it to a third party in response to the latter's FOIA request. The agency's decision to release the data normally will be grounded either in its view that none of the FOIA exemptions apply, and thus that disclosure is mandatory, or in its belief that release is justified in the exercise of its discretion, even though the data fall within one or more of the statutory exemptions. *CNA Financial Corp. v. Donovan* (D.C. Cir. 1987), 830 F.2d 1132, 1133 n.1.

Prior to oral argument, we asked the parties to address the applicability, if any, of the seminal case in this area, *Chrysler Corp. v. Brown* (1979), 441 U.S. 281, 60 L. Ed. 2d 208, 99 S. Ct. 1705. In *Chrysler*, plaintiff sought to enjoin the release of affirmative action plans Chrysler Corporation (Chrysler) was required to submit to the Secretary of Labor. Relying upon the Federal FOIA, Chrysler argued that if the information was subject to an exemption, the agency was required to withhold it. Conceding that certain of the exemptions reflect a sensitivity to the privacy interests of private individuals and nongovernmental entities, the Supreme Court found that this did not inexorably require the conclusion that the exemptions imposed affirmative duties on an agency to withhold information sought. To the contrary, the Supreme Court found the language, logic, and history of the FOIA did not support such an interpretation.

The Supreme Court determined that the Federal FOIA was exclusively a disclosure statute and held that Congress did not design the FOIA exemptions to be mandatory bars to disclosure. In support, the Supreme Court looked to the provisions of the FOIA concerning judicial relief and noted that the FOIA granted Federal district courts jurisdiction to enjoin the agency from withholding agency records and order production of documents but did not give the courts authority to bar disclosure. Since Congress did not limit an agency's discretion to disclose information under the FOIA, it necessarily followed that the FOIA did not afford Chrysler any right to enjoin agency disclosure. The Supreme Court, however, agreed that Chrysler would be entitled to review of any disclosure action under section 10 of the Federal Administrative Procedures Act (Federal Act) (5 U.S.C. § 702 (1994)), which provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action

\*\*\* is entitled to judicial review thereof." Thus, at least for Federal purposes, a private, nongovernmental body has a means at its disposal for challenging a proposed release of exempt documents by a government agency.

Although there are a number of similarities between the Illinois FOIA and its Federal counterpart, we conclude that the situation presented in this case is both factually and legally distinguishable from that in *Chrysler*. For the reasons that follow, we conclude the Board is entitled to challenge the State's Attorney's threatened disclosure of Board documents under the Illinois FOIA.

■ While the public policy of this State encourages a free flow in disclosure of information between government and the people and it has been stated that the FOIA is to be given a liberal construction to achieve this goal (see *Bowie v. Evanston Community Consolidated School District No. 65* (1989), 128 Ill. 2d 373, 378, 538 N.E.2d 557, 559), the FOIA, nevertheless, specifically exempts from government disclosure numerous categories of information and documents. (5 ILCS 140/7 (West 1994).) It is also clear that it is the government which is entitled to assert an exemption to disclosure in the first instance. For that reason this case is distinguishable from the typical "[r]everse-FOIA action" because the Board, acting as an agency of government, rather than a private or nongovernmental entity, is asserting an exemption to disclosure of its own documents which it would have been entitled to assert had the plaintiff made the FOIA request of the Board.

■ It is the position of the plaintiff and the State's Attorney that mere possession of the documents by the State's Attorney grants the State's Attorney the sole right to choose to assert an exemption to disclosure. We cannot agree. The FOIA specifically provides that an entity from which a request for disclosure is made may extend the time limit for responding to the request because of a need for consultation with another public body "having a substantial interest in the determination or in the subject matter of the request." 5 ILCS 140/3(d)(vii) (West 1994).

Thus, the FOIA explicitly recognizes that documents of one agency may be in the possession of another, and the originating agency has a continuing interest in their protection if they are exempt from disclosure. This is especially true in a case such as this, where the State's Attorney knows the Board has continuously asserted the exemption despite the State's Attorney's opposition to the position the Board has taken. Although the FOIA does not expressly require consultation under section 3(d)(vii) in all instances, we conclude the FOIA implicitly requires it if the agency of which the

request is made denies that the material is exempt from disclosure or decides not to assert an otherwise applicable exemption and knows the originating agency would assert the exemption. We conclude that mere possession of the documents, standing alone, is not determinative of an agency's ability to release documents pursuant to the FOIA if another governmental entity has a substantial interest in asserting an exemption.

Normally, one would expect an agency to assert an exemption if one exists. However, we are not confronted with the issue of whether, under the Illinois FOIA, the existence of an exemption imposes an affirmative duty on an agency to withhold information sought. We note that certain exemptions expressly provide for waiver. For example, where information exists which if disclosed would constitute a clearly unwarranted invasion of personal privacy, there is an exemption "unless the disclosure is consented to in writing by the individual subjects of the information." (5 ILCS 140/7(1)(b) (West 1994).) Likewise, trade secrets obtained from a person or business are exempt but "[n]othing contained in this paragraph (g) shall be construed to prevent a person or business from consenting to disclosure." (5 ILCS 140/7(1)(g) (West 1994).) In this case, two exemptions from FOIA inspection and copying are asserted by the Board, namely, that the documents constitute preliminary recommendations in which opinions are expressed or policies are formulated, and that they constitute minutes of meetings of public bodies closed to the public as provided by the Act. (5 ILCS 140/7(1)(f), (1)(m) (West 1994).) Nothing in the language of these subsections or elsewhere indicates that a third-party government agency in possession of such information may choose to disclose it. We are mindful that under the facts of this case it is arguable that the Board waived its right to refuse disclosure of the information by voluntarily disclosing it apart from any request under the FOIA. In this case, the record does not reveal the circumstances under which the State's Attorney came into possession of the documents other than that they were delivered to the State's Attorney by ISU personnel.

Because the Board had a substantial interest in the subject matter of the request, it was entitled to assert an exemption, if one exists, despite the State's Attorney's refusal to do so. Plaintiff points out that the Board was not a party to this litigation at the trial court level. The Board was a party, however, to the extent that it had filed case No. 95—MR—89 and that case was consolidated with this one. While we agree that the procedural history of this case is unusual, it is clear that but for the trial court's preemptive consolidation of this case (No. 95—CH—44) with the Board's declaratory judgment action

784

against the State's Attorney (No. 95—MR—89) which involved the Peoria Journal Star's FOIA request, the Board would undoubtedly have initiated an identical suit against the parties to this case upon learning of the existence of plaintiff's FOIA request.

For the foregoing reasons, we affirm the judgment of the circuit court denying plaintiff's request for judgment on the pleadings. We offer no opinion on the issues of whether the documents are actually subject to an exemption under the FOIA or whether, assuming an exemption exists, it was waived when the Board turned the documents over to the State's Attorney's office.

For the foregoing reasons, the judgment of the McLean County circuit court is affirmed and remanded for further proceedings.

Affirmed and remanded.

STEIGMANN and GARMAN, JJ., concur.